IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Francisco Morales,<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-1401 |
| Jimmy W. Baugh Jr. and Benco Commercial Construction LLC,<br>    Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Summary of Lawsuit

Defendant Jimmy W. Baugh Jr. ("Baugh") and his legally defunct company Benco Commercial Construction LLC ("Benco") (jointly, "Defendants") have a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendants' failure to pay the overtime premium required by law allow them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Francisco Morales ("Morales" or "Plaintiff") is one of the workers hired by Defendants as an hourly employee and not paid overtime pay and brings this lawsuit against Defendants to recover unpaid overtime, minimum wages and that are required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's Claims

1. Morales worked for Defendants as a painter and drywaller from April 10, 2021 until January 22, 2022.

2. Morales's duties included, but were not limited to, performing demolition work,

hanging, taping, and floating drywall, and interior painting.

3. During the time he worked for the Defendants, Morales regularly worked in excess of 40 hours per week.

4. During the time he worked for the Defendants, Morales performed some of his work in Brazos County, Texas.

5. Defendants paid Morales on an hourly basis.

6. Defendants did not pay Morales an overtime premium for any of the hours he worked in excess of 40 in a workweek.

7. Defendants paid Morales the same hourly rate for all the hours he worked ("straight time").

8. Defendants did not pay Morales for any of the time he worked in the last 2 weeks of his tenure with Defendants.

**Allegations Regarding FLSA Coverage**

9. Defendant Benco is a Texas limited liability company that has forfeited its existence by failing to comply with statutory requirements in Texas.

10. Benco is covered by and subject to the overtime requirements of the FLSA.

11. During each of the three years prior to this complaint being filed, Benco was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

12. During each of the three years prior to this complaint being filed, Benco regularly owned and operated businesses engaged in commerce or in the production of goods for

commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

13. During each of the three years prior to this complaint being filed, Benco conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

14. During each of the three years prior to this complaint being filed, Benco's employees used goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment, or materials that were grown, made or manufactured outside the state of Texas.

15. During each of the three years prior to this complaint being filed, Benco's employees regularly performed services for Benco customers at locations outside of the state of Texas.

**Plaintiff's Claims**

16. Defendants were legally required to pay Morales overtime pay for all hours that he worked for Defendants in excess of 40 in any workweek.

17. Morales worked over 40 hours in many workweeks that he worked for Defendants.

18. Defendants did not pay Morales time-and-a-half for any of the overtime hours that he worked for the Defendants.

19. Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other commercial drywall and painting contractors that pay their employees all of the money required by law.

20. Defendants did not pay Morales anything for the work he did for them during the

last 2-week pay period that he worked for the Defendants.

21. The Defendants' pay practices with regard to Morales were a clear violation of the FLSA and Texas law.

22. Baugh is the sole owner, member, and manager of Benco.

23. Baugh controls the manner in which Benco employees and workers are paid.

24. Baugh is the person who decided that Benco would not pay Morales overtime pay for hours worked over 40 in a workweek and that Benco would not pay Morales for the work performed in the last 2 weeks that he worked.

25. Baugh is an "employer" as that term is defined under the FLSA and is individually liable to Morales for the damages he is owed as a result of the claims made in this lawsuit.

26. In addition, the charter and right to do business in Texas of Benco has been revoked for years. As a result, even aside from liability as an employer under the FLSA, Baugh is individually responsible for all debts of Benco that were incurred after the revocation of the company's rights, which includes the overtime pay, minimum wages, unpaid wages, liquidated damages, attorney's fees, and costs owed to Morales.

## Causes of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

27. Defendants violated the FLSA by failing to pay Morales overtime pay for hours worked over 40 per workweek.

28. Morales has suffered damages as a direct result of Defendants' illegal actions.

29. Defendants are liable to Morales for unpaid overtime compensation, liquidated damages, attorney's fees, and costs of Court under the FLSA.

**Violation of the FLSA – Failure to Pay Minimum Wages Owed**

30. Defendants did not pay Morales anything for the work he performed during the last 2 weeks he worked for the Defendants.

31. Defendants violated the FLSA by failing to pay Morales the required minimum wage for all hours worked during his last pay period working for Defendants.

32. Morales has suffered damages as a direct result of Defendants' illegal actions.

33. Defendants are liable to Morales for unpaid minimum wage compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

**Breach of Contract/Quantum Meruit/Theft of Services and Fraud**

34. Defendants agreed to pay Morales at an agreed hourly rate for the work he performed for them.

35. Defendants did not pay Morales anything for any of the hours he worked for them during the last two weeks of his tenure.

35. Defendants' failure to pay Morales for the work he performed was a breach of the contractual agreement between the parties, and Defendants owe Morales for the hours he worked, at the agreed-upon hourly rate, plus attorney's fees and costs under T.R.C.P. 38.001, *et. seq*.

36. In the alternative to the claim asserted in the prior paragraph, Defendants received the benefit of the services performed by Morales and did not pay for the benefit of these services. Defendants owe Morales the fair market value of the services they received from him under the equitable doctrine of *quantum meruit*.

37. Defendants promised to pay Morales for the work he did for them at his regular hourly rate. Defendants allowed Morales to work the last two weeks of his tenure, knowing that

5

he expected to be paid. By Defendants' deception, which was relied upon by Morales, and their failure to pay, Defendants defrauded Morales and stole the services that he performed.

## Defendant, Jurisdiction, and Venue

38. Defendant Benco Commercial Construction LLC is a Texas limited liability company and an "employer" as defined by the FLSA. Defendant Benco may be served through its registered agent, Jimmy W. Baugh, Jr. at 5221 South Broadway #2, Tyler, Texas 75703, or at 16451 County Rd. 196, Tyler, Texas 75703, or wherever he may be found.

39. Defendant Jimmy W. Baugh, Jr. is an individual who is an "employer" as that term is defined by the FLSA. He may be served with process at 5221 South Broadway #2, Tyler, Texas 75703, or at 16451 County Rd. 196, Tyler, Texas 75703, or wherever he may be found.

40. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

41. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff demands:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid overtime and minimum wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
4. Additional damages suffered by Plaintiff due to Defendants' non-payment of Plaintiff during the last two weeks of his tenure;
5. All costs and attorney's fees incurred prosecuting these claims; and
6. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF FRANCISCO MORALES**