# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Francisco Morales, <br>     Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-1401 |
| Jimmy W. Baugh Jr. and Benco Commercial Construction LLC, <br>     Defendants. | § | JURY DEMANDED |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Named Plaintiff Francisco Morales and opt-in Plaintiffs Jairo Guzman and Jorge Guzman (jointly, "Plaintiffs") file their motion for default judgment against Defendants Jimmy W. Baugh Jr. and Benco Commercial Construction LLC ("Defendants"):

## INTRODUCTION

1. This is a suit to recover unpaid overtime pay and unpaid wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Plaintiffs served Defendants with process on August 12, 2022 [Dkt. 11, 12]. Defendants' answers were due on May 5, 2021. No answer has been filed, a clerk's default has been entered [Dkt. 15] and Plaintiffs thus seek a default judgment against the Defendants.

## PLAINTIFF'S DAMAGES

### *Unpaid Wages*

3. Plaintiffs claim overtime compensation as allowed under the FLSA, a statute that establishes a comprehensive federal regulatory scheme providing employees with minimum wage and overtime pay.

4. In pertinent part, the FLSA requires employers to pay each covered employee time and a

half the employee's regular rate of pay for hours worked in excess of 40 hours per workweek. 29 U.S.C. § 207. Specifically, pursuant to the FLSA, no employer shall employ any employee who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one-half times the regular rate at which he or she is employed. 29 U.S.C. § 207(a)(1).

5. Plaintiffs are former employees of Defendants, and their declarations are being filed with this motion as Exhibits 1-3.

### Francisco Morales

6. In his declaration (Exh. 1), Morales states that he worked for the Defendants from April of 2021 until January of 2022, for a total of 40 weeks. Exh. 1 at ¶ 3. Morales states that he worked for the Defendants doing construction work, including demolition, drywall, and painting, and that he was paid on an hourly basis at a rate of $25.00 per hour. Exh. 1 at ¶ 4.

7. Morales has true and correct copies of time sheets from all the weeks that he worked for Defendants (Exh. 1-A). The spreadsheet attached as Exh. 1-B summarizes the hours worked and shows that Morales worked overtime in all but 7 of the weeks he worked for Defendants.

8. Defendants paid Morales $25.00 per hour and never paid him an overtime premium for the hours he worked over 40 each week. Exh. 1 at ¶ 4.

9. Hourly workers are owed overtime pay based on a "time-and-a-half" calculation. For each

hour over 40 in a workweek that Morales was paid $25.00, he is owed an additional $12.50 in overtime premium for that hour.

10. Exhibit 1-B shows that Defendants owe Morales $6,353.50 in unpaid overtime.

### Jorge Guzman

11. Jorge Guzman worked for Defendants from March 5, 2021 to April 30, 2021, a period of 8 weeks. (Exh. 2 at ¶ 3).

12. Defendants paid Jorge Guzman $25.00 per hour and never paid him an overtime premium for the hours he worked over 40 each week. Exh. 2 at ¶ 4.

13. Jorge Guzman states that he reported his time each week he worked for Defendants and has produced a copy of one weekly time record showing that he worked 65.5 hours in one week and one paycheck showing that he worked 65 hours in another week. Jorge Guzman states that he worked an average of approximately 65 hours per week when he worked for Defendants. Exh. 2 at ¶ 4. This means that Jorge Guzman worked an average of 25 overtime hours each week he worked for Defendants. Jorge Guzman worked for Defendants for approximately 8 weeks.

14. Defendants owe Jorge Guzman: 25 overtime hours X ($25/2) = $312.50 X 8 weeks = $2,500.00 in unpaid overtime pay.

### Jairo Guzman

15. Jairo Guzman worked for Defendants from March 19, 2021 to April 30, 2021, a period of 6 weeks. (Exh. 3 at ¶ 3).

16. Defendants paid Jairo Guzman $22.00 per hour and never paid him an overtime premium for the hours he worked over 40 each week. Exh. 3 at ¶ 4.

17. Jairo Guzman worked an average of approximately 65 hours per week when he worked for

Defendants. Exh. 3 at ¶ 4. This means that Jairo Guzman worked an average of 25 overtime hours each week he worked for Defendants. Jairo Guzman worked for Defendants for approximately 6 weeks.

18. Defendants owe Jairo Guzman: 25 overtime hours X ($22/2) = $275 X 6 weeks = $1,650.00 in unpaid overtime pay.

### *Liquidated Damages*

19. In addition to his unpaid wages, Plaintiffs seek an additional equal amount of liquidated, or "double" damages as allowed under the FLSA. Plaintiffs are routinely entitled to receive double damages in an amount equal to the unpaid overtime on their FLSA claims.

20. Section 216(b) of the FLSA provides for liquidated damages as follows:

> **"Any employer who violates the provisions of this title <u>shall be liable</u> to the employee or the employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional amount of liquidated damages."**

29 U.S.C. § 216(b) (emphasis supplied).

### Controlling Law on Liquidated Damages

21. Liquidated damages are "compensatory, not punitive in nature." *EEOC v. First Citizens Bank of Billings*, 758 F.2d 397, 403 (9th Cir.), *cert. denied*, 474 U.S. 902 (1985). The FLSA originally made such damages mandatory. *See, Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 581 (1942). However, the Portal-to-Portal Act, made doubling discretionary rather than mandatory, by permitting a court to withhold liquidated damages in an action to recover unpaid minimum wages "if the employer shows ... that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA." Even so, there is

still a "strong presumption in favor of doubling." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986) (double damages are the norm, single damages the exception).

22. An employer bears a "substantial burden" in proving this defense, which contains what has been described as subjective and objective components.[1] Because Defendants have chosen not to take any action, Defendants have failed to prove either subjective good faith or objective reasonable grounds. Therefore, Plaintiff is entitled to an award of liquidated damages.

### *Attorney's Fees*

23. Under the FLSA, the District Court awards reasonable attorney's fees to the prevailing party. A court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant...." *See* 29 U.S.C. § 216(b). Though the attorney's fee provision of the FLSA does not mention "prevailing party," the 5th Circuit typically cites prevailing party fee-shifting jurisprudence in FLSA cases. *See, e.g., Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404 (5th Cir. 2002).

24. The 5th Circuit uses the lodestar method to calculate an appropriate attorney's fee award under the FLSA. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar method consists of multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work (*See*, *Shipes v. Trinity Industries,* 987 F.2d 311, 319-20 (5th Cir. 1993)),

---

[2] To satisfy the subjective good faith component, the employer must show that it had an honest intention of ascertaining what the FLSA required and to act in accordance with it. *First Citizens Bank*, 758 F.2d at 1072. The question of "honest intention" is an inquiry that is essentially factual. *Id*. On the other hand, determining the reasonableness of the employer's belief involves applying the proper interpretation of the FLSA and supporting regulations to uncontested facts – a legal determination. *Id*. The employer must, of course, prove both to avoid liquidated damages.

25. Here, attorney Josef F. Buenker represents the Plaintiffs. Mr. Buenker states that he has expended in excess of 23 hours on this case. Mr. Buenker states that his reasonable hourly rate is $500 (See Declaration of Josef Buenker attached as Exhibit 4) His requested hourly rate is supported by the declarations of experienced counsel with an intimate knowledge of FLSA practice (Exhibit 5) and prior orders in Federal District Court (Exhibit 6) A printout of time spent in relation to this matter is attached to the declaration, and time has been deducted from the actual time spent due to the exercise of billing judgment. Plaintiff seeks payment of $8,850.00 for attorney time spent prosecuting the case.

## *Costs*

26. Plaintiff also seeks $1,057.00 in taxable costs and reasonable expenses, which include the filing fee ($402.00), and costs for service of process ($655.00).

## *Non-Military Status*

27. Plaintiff attaches evidence that Defendant Jimmy W. Baugh, Jr. is not presently serving in the United States armed forces at Exhibit 7.

## V.
## PRAYER FOR RELIEF

For these reasons, Plaintiff respectfully asks the Court to enter the Defendants' default as allowed under Fed. R. Civ. P. 55.

Plaintiff further asks the Court to grant his motion for default judgment and award the following damages:

- $6,353.50 in unpaid wages for Francisco Morales;
- $6,353.50 in liquidated damages for Francisco Morales;
- $1,650.00 in unpaid wages for Jairo Guzman;
- $1,650.00 in liquidated damages for Jairo Guzman;

- $2,500.00 in unpaid wages for Jorge Guzman;

- $2,500.00 in liquidated damages for Jorge Guzman;

- $8,850.00 for reasonable and necessary attorney's fees; and

- $655.00 for court costs and reasonable expenses.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

By: */s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 5, 2023, a true and correct copy of the foregoing was forwarded to the following Defendants in the following manner:

| | |
|---|---|
| Jimmy W. Baugh, Jr. | **Via CMRR AND Regular U.S. Mail** |
| Benco Commercial Construction, LLC | **Via CMRR AND Regular U.S. Mail** |

*/s/ Josef F. Buenker*
**Josef F. Buenker**